Stephen G. Montoya (#011791)
**MONTOYA JIMENEZ, P.A.**
The Great American Tower
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012
(602) 256-6718
(fax) 256-6667
sgmlegal@aol.com

Attorney for Plaintiffs

M. Brett Burns, Texas State Bar No. 03447900
Stephanie K. Osteen, Texas State Bar No. 24002713
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800
Fax: (214) 969-4343

Attorneys for Defendants

Tricia Schafer (#018748)
**MARISCAL WEEKS MCINTYRE & FRIEDLANDER, P.A.**
2901 North Central Avenue, Ste. 200
Phoenix, Arizona 85012
(602) 285-5000

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kamran Madani and Abolfalz Vaghef,<br><br>plaintiffs,<br><br>vs.<br><br>BHVT Motors, Inc., Automotive Investment Group-Arizona, Inc., and VT Inc.,<br><br>defendants. | No. CV 04-1897-PHX-RCB<br><br>**JOINT PRETRIAL ORDER** |

    Plaintiffs Kamran Madani and Abolfalz Vaghef and Defendant BHVT, Inc., d/b/a Bell Honda submit this Joint Pretrial Order pursuant to the Court's Order and respectfully show the Court as follows:

## A. STATEMENT OF JURISDICTION

The jurisdictional basis of this dispute is 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

## B. NATURE OF ACTION

**Plaintiffs' Statement:** This is an action seeking money damages and equitable relief for hostile working environment discriminatory harassment based on race and national origin brought by plaintiffs Kamran Madani and Abolfalz Vaghef against defendant BHVT Motors, Inc. (doing business as "Bell Honda") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a), and the Civil Rights Act of 1871, 42 U.S.C. §1981, as amended by Section 101 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

**Defendant's Statement:** Plaintiffs assert causes of action for race and national origin harassment and constructive discharge. Defendant denies that Plaintiffs were subjected to a hostile work environment or constructively discharged and denies the allegations Plaintiffs make in support of those claims. Defendant incorporated by reference the defenses set forth in its Answer to Plaintiffs' Complaint, filed on October 20, 2004 (Docket Entry No. 18.)

## C. CONTENTIONS OF THE PARTIES

**Plaintiffs' Contentions:**

**Racial Harassment.** Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and 42 U.S.C. § 1981, it is unlawful for an employer to discriminate against its employees in the terms or conditions of employment based on race or national origin. As the Ninth Circuit recently acknowledged, "[w]e...recognize that those legal principles guiding a court in a Title VII dispute apply with equal force in a 1981 action." See Manatt v. Bank of America, 339 F. 3d 792, 797 (9th 2003).

Thus, Title VII and Section 1981 prohibit an employer from subjecting an employee to racial harassment by supervisors or co-employees that is sufficiently

pervasive or severe to alter the conditions of the employment. See, e.g., Pavon v. Swift Transportation Co., 192 F.3d 902 (9th Cir. 1999), and Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998).

In order to establish a racially hostile work environment, the plaintiffs must establish the following three elements by a preponderance of evidence: (a) that he was subjected to verbal or physical conduct of a racial nature; (b) that the conduct was unwelcome; and (c) that the conduct was sufficiently severe or pervasive to alter the plaintiff's employment or create an abusive working environment. See, e.g., Gregory v. Widnall, 153 F.3d at 1074 (9th Cir. 1998).

**Constructive Discharge.** In order to prevail on his claim for constructive discharge, plaintiff must establish by a preponderance of evidence that "looking at the totality of circumstances, a reasonable person in [the employee's] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions." Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987).

**Vicarious liability under Title VII and Section 1981.** Under Title VII and Section 1981, an employer "is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). See also Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998).

In cases where the harassment does not result in a tangible adverse employment action, the employer may raise an affirmative defense. This affirmative defense requires the employer to prove by a preponderance of evidence that (a) the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employers or to avoid the harm. Burlington Industries, Inc. v. Ellerth, 524 U.S. at 765. "No affirmative defense is available,

however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." Ellerth, Id.

**Defendant's Contentions:**

Defendant denies that Plaintiffs were subjected to a hostile work environment on the basis of their race or national origin. The alleged harassment about which Plaintiffs complain does not rise to the level of actionable hostile work environment harassment. Further, Plaintiffs were aware of Defendant's policies against discrimination and harassment and its procedures to prevent and correct any such behavior. To the extent Plaintiffs were the recipients of any alleged discrimination or harassment, which Defendant denies, Plaintiffs unreasonably failed to take avail themselves to the opportunities afforded by Defendant to avoid, prevent, and correct the harm they allegedly suffered. Plaintiffs also failed to exhaust their administrative remedies with respect to their Title VII claim.

Defendant denies that Plaintiffs were constructively discharged. Plaintiffs never complained about alleged harassment and each voluntarily resigned his employment. Plaintiffs cannot show that circumstances surrounding their resignation were so intolerable that a reasonable person in their situation would have felt no choice but to quit. Defendant incorporates by reference the defenses set forth in its Answer to Plaintiffs' Complaint, filed on October 20, 2004 (Docket Entry No. 18.)

D. **STIPULATED AND UNCONTESTED FACTS**

1. Defendant Bell Honda is a new and used car dealership located in Phoenix, Arizona;
2. Plaintiff Kamran Madani was employed at Bell Honda as a New Car Assistant Sales Manager and Finance Producer for a total of seven months from August 7, 2000 to March 1, 2001;
3. Plaintiff Abolfalz Vaghef was employed at Bell Honda as a New Car Assistant Sales Manager for a total of seven weeks, from September 1,

-4-

|||
|---|---|
| | 2000 to October 15, 2000; |
| 4. | Plaintiffs were never disciplined or suspended during their employment with Bell Honda; |
| 5. | Neither Plaintiff was demoted during his employment with Bell Honda; |
| 6. | Madani was promoted during his employment with Bell Honda; |
| 7. | Neither Plaintiff ever used Defendant's 1-800 hotline to complain about harassment. |

E. **CONTESTED ISSUES OF FACT AND LAW:**

1. Whether Plaintiffs were subjected to hostile work environment based on race or national origin while employed at Defendant;
2. Whether Plaintiffs suffered any "adverse employment actions" in connection with the alleged hostile working environment at Defendant;
3. Whether Plaintiffs provided Defendant with notice of the alleged hostile work environment;
4. Whether Defendant knew or should have known of the alleged hostile work environment;
5. Whether Defendant exercised reasonable care to prevent and correct the alleged harassment;
6. Whether Defendant took prompt and effective corrective measures in response to any complaints by Plaintiffs of alleged harassment;
7. Whether Defendant is liable to Plaintiffs for the alleged harassment;
8. Whether Plaintiffs were forced to quit their employment with Defendant because of intolerable and discriminatory working conditions
9. Whether, looking at the totality of circumstances, a reasonable person in Plaintiffs' position would have felt that he was forced to quit because of intolerable and discriminatory working conditions;
10. Whether Plaintiffs failed to exhaust administrative prerequisites to some

or all claims asserted under Title VII;

11. Whether Plaintiffs can demonstrate that Defendant discriminated against them, based on their race, by interfering with their ability to make and enforce contracts;

12. Whether Defendant ratified or authorized the alleged discriminatory or harassing behavior about which Plaintiffs complain;

13. Whether the alleged discriminatory or harassing behavior about which Plaintiffs complain was committed outside the scope and course of employment;

14. Whether Defendant made good faith efforts to comply with antidiscrimination laws;

15. Whether Plaintiffs' request for punitive damages would violate the constitutions of the State of Arizona or the United States of America;

16. Whether and to what extent Plaintiffs' alleged damages are limited by applicable statutory damages caps;

17. Whether Plaintiffs are entitled to an award of nominal damages against Defendant;

18. Whether Plaintiffs are entitled to an award of compensatory damages against Defendant;

19. Whether Plaintiffs are entitled to an award of punitive damages against Defendant;

20. Whether Plaintiffs are entitled to an award of reasonable costs and attorney fees.

**F.  LIST OF WITNESSES**

Separately attached are Plaintiffs' List of Witnesses and Defendant's List of Witnesses.

G. **LIST OF EXHIBITS**

Separately attached are Plaintiffs' List of Exhibits and Defendant's List of Exhibits.

H. **LIST OF DEPOSITIONS**

**Plaintiffs':** None, except for purposes of impeachment.

**Defendant's:** None, except for purposes of impeachment.

I. **MOTIONS IN LIMINE**

Motions in Limine are intended to encompass only significant evidentiary issues and are generally discouraged. Such motions, if allowed, shall be filed by _APRIL 10_, 200_6_. Any responses shall be filed by _APRIL 17_, 200_6_. No replies may be filed without permission of the court. Motions in Limine are deemed submitted without argument.

J. **LIST OF ANY PENDING UNRULED UPON MOTIONS**

None.

K. **PROBABLE LENGTH OF TRIAL**

Six days.

L. **INSTRUCTIONS**

The parties shall seek to stipulate to jury instructions and any stipulated jury instructions shall be filed _MAY 11_, 200_6_. Instructions which are not agreed upon shall include citation to authority which shall not exceed one page per instruction and shall be filed by _MAY 11_, 200_6_. ~~Objections to any non-agreed upon instruction shall include citation to authority which shall not exceed one page per instruction and may be filed and by_____,~~ 200___.

M. **VOIR DIRE**

Any proposed voir dire questions shall be filed by _MAY 11_, 200_6_.

N. **CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify

and acknowledge the following:

1. All discovery has been completed.
2. The identity of each witness has been disclosed to opposing counsel.
3. Each exhibit listed herein (a) is in existence; and (b) has been disclosed and shown to opposing counsel.

APPROVED AS TO FORM AND CONTENT:

Dated the 27th day of February, 2006.

**MONTOYA JIMENEZ**
A Professional Association

s/ Stephen G. Montoya
Stephen G. Montoya
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012-2490
Attorney for Plaintiff

s/ Stephen G. Montoya
M. Brett Burns
Stephanie K. Osteen
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Attorneys for Defendants

## PLAINTIFFS' WITNESS LIST

1. Kamran Madani
2. Abolfalz Vaghef
3. William Arbuckle
4. Albert Baker
5. John Culver
6. Mark Dorey
7. Justice Rovin
8. Custodian of Records for the Equal Employment Opportunity Commisison
9. All witnesses listed by Defendant.

## DEFENDANT'S WITNESS LIST

1. Gary Brooks (fact witness)
   c/o Bell Honda
   701 W. Bell Road
   Phoenix, AZ 85023
   602-789-9771

2. Dale Bruemmer (fact witness)
   623-363-7741

3. Curtis Gipson (fact witness and records custodian)
   c/o Bell Honda
   701 W. Bell Road
   Phoenix, AZ 85023
   602-789-9771

4. Phil Kerr (fact witness)
   602-579-0283

5. Greg Mortenson (fact witness)
   951-526-6520

6. Abe Saba (fact witness)
   c/o Bell Honda
   701 W. Bell Road
   Phoenix, AZ 85023
   602-789-9771

7. Michael Westbrook (fact witness)
   602-363-9784

8. John Willliamson (fact witness)
   602-616-0166

9. Larry Miller Toyota (records custodian)
   8425 W. Bell Road
   Peoria, AZ 85382
   623-876-3400

10. Jim Potts (expert witness)
    Potts & Associates
    3500 E. Colorado Boulevard, Suite 108
    Pasadena, CA 91107

11. Out of an abundance of caution, Defendant identifies William Arbuckle, Albert Baker, John Culver, Mark Dorey, and Justice Rovin, all of whom have been identified as trial witnesses by Plaintiff, but for none of whom has Defendant been provided valid contact information.

## Plaintiffs' Exhibit List

1. Personnel file of Mike Westbrook;
2. Personnel file of Greg Mortenson;
3. Personnel file of Brett Strauss;
4. EEOC Charge of Discrimination of Abolfalz Vaghef of July 17, 2001;
5. EEOC Charge of Discrimination of Kamran Madani of July, 17, 2001;
6. EEOC Letter of Determination regarding Abolfalz Vaghef of January 25, 2004;
7. EEOC Letter of Determination regarding Kamran Madani of February 24, 2004;
8. Defendants' tax returns and related financial documents for 1998 to 2002.

## DEFENDANT'S EXHIBIT LIST

| Exhibit | Description | Bates No./ID |
|---|---|---|
| 1 | Employee Acknowledgment of Receipt of Handbook | BHVT 000284 |
| 2 | Employee Hot Line Acknowledgment | BHVT 000011 |
| 3 | Personnel Change of Status Notice | Madani Dep. Ex. 5 |
| 4 | Relocation Assistance Agreement | BHVT 000002 |
| 5 | Personnel Change of Status Notice | Madani Dep. Ex. 3 |
| 6 | Employee Handbook | BHVT 000116-53 |
| 7 | Employee Hot Line Acknowledgment | BHVT 000036 |
| 8 | Employee Hot Line Poster | BHVT 000154 |
| 9 | Harassment Poster | BHVT 000157 |
| 10 | Paycheck Stuffer | BHVT 000155 |
| 11 | Paycheck Stuffer | BHVT 000156 |
| 12 | Pay Plan | BHVT 000027-29 |
| 13 | Employment Application | BHVT 001120-21 |
| 14 | Pay Plan | BHVT 001130 |
| 15 | Income Tax Return (2000) | Madani Dep. Ex. 20 |
| 16 | W-2 Form (2000) | |
| 17 | Income Tax Return (2001) | Madani Dep. Ex. 21 |
| 18 | W-2 Form (2001) | |
| 19 | W-2 Form (2001) | BHVT 001113 |
| 20 | Personnel Change of Status Notice | BHVT 000070 |
| 21 | Request for Check | BHVT 000071 |
| 22 | Acknowledgment of Receipt of Employee Handbook | BHVT 000041 |
| 23 | Policy Prohibiting Unlawful Harassment | BHVT 000042-45 |
| 24 | Personnel Change of Status Notice | BHVT 000038 |
| 25 | Employment Application | Vaghef Dep. Ex. 11 |
| 26 | New Employee Data Sheet | BHVT 001077 |
| 27 | Income Tax Return (2000) | Vaghef Dep. Ex. 18 |
| 28 | W-2 Form (2000) | Vaghef Dep. Ex. 10 |
| 29 | W-2 Form (2000) | BHVT 001040 |
| 30 | Memos | BHVT 000679-82<br>BHVT 000714<br>BHVT 000832<br>BHVT 000833-36<br>BHVT 000844<br>BHVT 000845<br>BHVT 000846<br>BHVT 000851<br>BHVT 000893<br>BHVT 000928 |
| 31 | Expert Report of James Potts | |

| 32 | Rebuttal if Plaintiffs' Exhibit No. 6 is admitted over Defendant's objections | BHVT 000409-444 |
| --- | --- | --- |
| 33 | Rebuttal if Plaintiffs' Exhibit No. 6 is admitted over Defendant's objections | BHVT 000444 |
| 34 | Rebuttal if Plaintiffs' Exhibit No. 7 is admitted over Defendant's objections | BHVT 000188-224 |
| 35 | Rebuttal if Plaintiffs' Exhibit No. 7 is admitted over Defendant's objections | BHVT 000224 |

#5874329

1 | THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED AND TRIAL IS SET FOR
2 | __MAY 16__, 200_6_ at 9:00 A.M., COURTROOM 606, Sixth Floor,
3 | Sandra Day O'Connor United States Courthouse, 401 West Washington Street,
4 | Phoenix, Arizona; COUNSEL SHALL APPEAR AT 8:30 A.M.

5 | DATED this _3_ day of __April__, 200_6_.

_/s/ Robert C. Broomfield_
ROBERT C. BROOMFIELD
SENIOR UNITED STATES DISTRICT JUDGE

-12-

**Notices**

2:04-cv-01897-RCB Madani, et al v. BHVT Motors Inc, et al

## U.S. District Court

### DISTRICT OF ARIZONA

Notice of Electronic Filing

The following transaction was received from Montoya, Stephen entered on 2/27/2006 at 5:22 PM MST and filed on 2/27/2006

**Case Name:** Madani, et al v. BHVT Motors Inc, et al
**Case Number:** 2:04-cv-1897
**Filer:** Kamran Madani
Abolfalz Vaghef

**Document Number:** 46

**Docket Text:**
Notice re Filing Joint Pretrial Order by Kamran Madani, Abolfalz Vaghef (Montoya, Stephen)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=2/27/2006] [FileNumber=619450-0]
[7c0d76676e4bf08069aca3b9c94dacfb9e22f17f4fcfce538f8cb8e47a640d59e0a0
8c0df9acb506243682e8a9e09cca4c821c6c0edd29944ce0d17b85c1d909]]

**2:04-cv-1897 Notice will be electronically mailed to:**

Michael Brett Burns    bburns@akingump.com, arodriguez@akingump.com, tpomeroy@akingump.com

Stephen G Montoya    sgmlegal@aol.com, arlegal2@aol.com

Stephanie K Osteen    sosteen@akingump.com, jmcconahay@akingump.com, tpomeroy@akingump.com

Tricia Schafer    tricia.schafer@mwmf.com

**2:04-cv-1897 Notice will be delivered by other means to:**