Stephen G. Montoya (#011791)
**MONTOYA JIMENEZ, P.A.**
The Great American Tower
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012
(602) 256-6718
(fax) 256-6667
sgmlegal@aol.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kamran Madani and Abolfalz Vaghef,<br><br>plaintiffs,<br><br>vs.<br><br>BHVT Motors, Inc., Automotive Investment Group-Arizona, Inc., and VT Inc.,<br><br>defendants. | No. CV 04-1897-PHX-RCB<br><br>**Plaintiff's Response in Opposition to Defendant's Motion in Limine to Exclude Evidence of the EEOC's Determination**<br><br>(Oral Argument Requested) |

Bell Honda seeks to exclude from evidence at trial the fact that after the United States Equal Employment Opportunity Commission (the "EEOC") investigated Plaintiffs' Charges of Discrimination against Bell Honda, the EEOC issued two Letters of Determination finding (for example) that:

> Charging Party alleges that he was subjected to a racially charged work environment because of his national origin, Iranian, and then further harassed and forced to resign in retaliation for complaining about racial harassment, which was in violation of Title VII.
>
> Respondent Bell Honda denies the allegations. . . .
>
> Respondent Bell Honda specifically states that Charging Party was not harassed while employed, that there is a policy in place prohibiting harassment and a system to handle employee complaints, that Charging Party did not use the system and did not complain about any harassment, and that he resigned without notice to take a job elsewhere.
>
> Charging Party states several managers were those who racially harassed him. He states he complained about the racially charged environment to more than one manager with no effect. After he complained to the General Manager of Respondent Bell

> Honda, some of the name calling stopped but people continued to belittle his accent. After a short while longer, Charging Party resigned.
>
> Sworn Affidavits from five witnesses support Charging Party's allegation of a racially charged work environment. They specifically state that several members of Respondents' management regularly used a constant stream of racially derogatory epithets to address and or refer to Blacks, Hispanics, Asians, and Middle Eastern employees and customers. The witnesses state nothing was done to correct the racial harassment.
>
> The Initial Letter of Determination was rescinded based on an understanding that Bell Honda had additional highly relevant evidence that they did not have the opportunity to present. We were not successful in this regard and Respondents provided no important new evidence, and further, there was a sufficient basis to issue the findings of cause.
>
> Based on this evidence, I have determined there is reasonable cause to believe Respondent violated Title VII by harassing Charging Party and forcing him to resign because of his national origin, Iranian, and in retaliation for having complained internally about the harassment.

See attached Exhibit A, p. 1-2.

As demonstrated below, Bell Honda's assertions regarding the admissibility of the EEOC's Letters of Determination against it flatly contradict the Ninth Circuit's unequivocal, longstanding rule establishing the per se admissibility of EEOC Letters of Determination in Title VII cases. Indeed, Bell Honda's Motion in Limine presumptuously asks this Court to overrule almost three decades of Ninth Circuit precedent.

Specifically, the Ninth Circuit has repeatedly recognized that an EEOC Letter of Determination is a "highly probative evaluation of an individual's discrimination complaint." Coleman v. Quaker Oats, 232 F.3d 1271, 1283 (9th Cir. 2000). As the Ninth Circuit concluded in Plummer v. Western International Hotels, Co., Inc., 656 F.2d 502, 505 (9th Cir. 1981):

> A civil rights plaintiff has a difficult burden of proof, and should not be deprived of what may be persuasive evidence. We therefore hold that the plaintiff has a right to introduce an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or whether the case is tried before a judge or jury. The district court erred in excluding the EEOC determination, and we reverse and remand.

Notwithstanding Bell Honda's unsubstantiated assertions of "prejudice," as the Ninth Circuit has also expressly concluded, "the probative nature of the EEOC probable cause determination far outweighs the prejudicial effect it may have on a jury." Heyne v. Caruso, 69 F.3d 1474, 1483 (9th Cir. 1995). See also, Chandler v. Roudebush, 425 U.S. 840, 863 n. 39 ("Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal sector trial de novo. See Fed. Rule Evid. 803(8)(C)").[1]

Based on these factors, in the Ninth Circuit, district court's are "required" to admit Letters of Determination into evidence at trial. See Coleman v. Quaker Oats, 232 F.3d at 1283 ("as required by our case law, the district court properly admitted the letter [of determination] into evidence"). Indeed, the Ninth Circuit has "held that EEOC 'probable cause determinations' are per se admissible in a trial de novo on Title VII claims." Amantea Cabrera v. Potter, 279 F.3d 746, 749 (9th Cir. 2002). See also, Bradshaw v. Zoological Society of San Diego, 569 F.2d 1066, 1069 (9th Cir. 1978) (an "EEOC determination of probable cause is admissible evidence in a trial de novo").

Based on these longstanding Ninth Circuit authorities, Bell Honda's Motion in Limine Regarding the EEOC's Letter of Determination is meritless.

In the face of this weight of Ninth Circuit authority, Bell Honda claims that the EEOC's Letters of Determination in favor of the Plaintiffs in this case are flawed because the EEOC's investigation of Plaintiffs' complaints of discrimination in the workplace at Bell Honda was deficient and biased. However, as the EEOC Letters of Determination expressly notes, five former employees of Bell Honda provided the EEOC with sworn statements substantiating that Plaintiffs (and other racial minorities) were subjected to an

---

[1] In a recent opinion considering Title VII of the Civil Rights Act, the Supreme Court of the United States noted the EEOC issues Letters of Determination finding "reasonable cause" of discrimination in only approximately 11% of all charges of discrimination filed with the EEOC. See Equal Employment Opportunity Commission v. Waffle House, Inc., 534 U.S. 279, 290 n.7 (2002).

egregious pattern of discriminatory abuse in the workplace perpetrated by managers at Bell Honda that went unremedied notwithstanding complaints.  See attached Exhibits B.

Moreover, the Letters of Determination also indicate that although the EEOC gave Bell Honda an additional opportunity to present evidence undermining Plaintiffs' allegations, Bell Honda failed to take advantage of the opportunity.  See attached Exhibit A, p. 2.  In fact, Bell Honda does not identify a single piece of evidence or a single witness that it offered to the EEOC that the EEOC nonetheless failed to consider.  Indeed--even at this late juncture in this dispute--Bell Honda has failed to produce any testimony refuting Plaintiffs' complaints.

In short, Bell Honda claims of bias are not supported by anyone with personal knowledge of the work environment at Bell Honda during Plaintiffs' respective tenures of employment with the dealership. In light of each Plaintiffs' sworn statements to the EEOC, coupled with corroborating affidavits from five independent witnesses, it should be no surprise that the EEOC rendered Letters of Determination against Bell Honda.

The Ninth Circuit's opinions in Amantea Cabrera, Coleman, Plummer, Bradshaw, and Caruso are controlling.  Bell Honda's Motion in Limine to Exclude the EEOC's Determination should be denied.

Dated the 14th day of April, 2006.

**MONTOYA JIMENEZ**
A Professional Association

  s/ Stephen G. Montoya
Stephen G. Montoya
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012-2490
Attorney for Plaintiffs

1  I hereby certify that on April 14, 2006,
   I electronically transmitted the foregoing document
2  to the Clerk's Office using the CM/ECF System for filing
   and transmittal of a Notice of Electronic Filing
3  to the following CM/ECF registrants:

4  M. Brett Burns
   Stephanie K. Osteen
5  Akin Gump Strauss Hauer & Feld LLP
   1700 Pacific Avenue, Suite 4100
6  Dallas, Texas 75201
   Attorneys for Defendants
7

8
   I hereby certify that on April 17, 2006,
9  I served the foregoing document by hand-delivery to the following:

10 The Honorable Robert C. Broomfield
   United States District Court for the District of Arizona
11 Sandra Day O'Connor United States Courthouse
   401 West Washington Street
12 Phoenix, Arizona 85003

13

14    s/ Stephen G. Montoya