WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kamran Madani and Abolfalz Vaghef, | ) ) ) | No.  CIV 04-1897 PHX RCB |
| Plaintiffs, | ) ) | |
| vs. | ) ) | O R D E R |
| BHVT Motors, Inc., | ) ) | |
| Defendant. | ) ) | |

On September 10, 2004, Plaintiffs Kamran Madani and Abolfalz Vaghef filed a complaint in this matter against BHVT Motors, Inc. ("BHVT"), Automotive Investment Group - Arizona, and VT, Inc. Complt. (doc. 1).  On July 13, 2005, the Court granted the parties' stipulation for a partial dismissal, dismissing all of the Plaintiffs' claims against Defendants Automotive Investment Group - Arizona and VT, Inc.  Order (doc. 32).  Thereafter, on January 27, 2006, the Court granted BHVT's unopposed motion for partial summary judgment, precluding Madani and Vaghef from recovering any damages for past or future lost wages after March 8, 2001 and October 24, 2000, respectively.  Order (doc. 44).  The

1   trial on the remaining claims against BHVT is scheduled to begin on
2   May 16, 2006.  Order (doc. 50).  Plaintiffs' remaining claims
3   include causes of action for race and national origin harassment,
4   and constructive discharge.  Pretrial Order (doc. 50) at 2.

5       BHVT has filed two motions in limine seeking the exclusion of
6   certain testimony and evidence at trial.  Mot. to Exclude EEOC
7   Letters (doc. 47); Mot. in Lim. (doc. 51).  The Court has
8   considered the arguments presented and is now prepared to rule.

9   **I.    BHVT's Motion in Limine**

10       In its motion, BHVT requests that the Court preclude
11  Plaintiffs from presenting evidence on the following issues: (1)
12  the alleged discrimination or harassment by BHVT against persons of
13  other races and national origins; (2) the alleged racial or
14  national origin comments that Plaintiffs did not hear during their
15  employment at BHVT; (3) the alleged evidence and speculation
16  regarding alcohol or illegal drug use by BHVT's managers; (4) the
17  alleged evidence of criminal convictions of BHVT's managers that do
18  not meet the standard of Federal Rule of Evidence 609; (5) evidence
19  of other lawsuits against BHVT, companies owned by BHVT's owner,
20  and companies owned by BHVT's owner's son, and evidence of claims
21  dismissed in the present lawsuit; and (6) evidence concerning
22  claims of retaliation for which summary judgment has been granted.
23  Mot. in Lim. (doc. 51) at 2-7.[1]  Plaintiffs, in their response, do
24  not object to the exclusion of the evidence described in sections
25  (3) through (6) of BHVT's motion.  Resp. Mot. in Lim. (doc. 54) at

26  _____

27       [1]BHVT also moves to exclude the Determination Letters issued by
    the EEOC, however, this matter is fully discussed and argued in a
28  separate motion filed by BHVT.  Mot. in Lim. (doc. 51) at 7.

5-6.  Thus, the Court shall grant BHVT's motion in relation to those issues.  However, the remaining two issues are analyzed below.

First, BHVT moves to exclude evidence or testimony regarding alleged discrimination or harassment of persons of races or national origins other than Plaintiffs' race and national origin. Mot. in Lim. (doc. 51) at 2.  Specifically, BHVT seeks to exclude evidence and testimony regarding alleged comments made by former managers about persons of other races and national origins, including comments concerning a Bosnian salesperson, African-America, Asian-American, Hispanic-American, and Indian-American customers, an African-American baseball player, and an allegation that a former manager knocked the turban off the head of an "East Indian" customer and called him a derogatory name.  Id.  BHVT argues that any testimony or evidence regarding these comments and events would be irrelevant, unduly prejudicial, confusing, and would mislead the jury.  Id. at 2-3.  Pursuant to Federal Rules of Evidence 402 and 403, BHVT moves to have any such evidence and testimony excluded.  Id.

In response, Plaintiffs argue that the contested comments that BHVT seeks to exclude are highly probative of Plaintiffs' hostile environment claim and strongly support Plaintiffs' punitive damage claims.  Resp. Mot. in Lim (doc. 54) at 2.  In support of their argument, Plaintiffs cite the Second Circuit case Cruz v. Coach Stores, Inc., 202 F.3d 560 (2nd Cir. 2000).

In Cruz, the court found that comments targeting persons of races or national origins other than the claimant's were relevant to establishing whether workplace harassment was severe or

1    pervasive enough to be actionable.   202 F.3d at 570.

2            Determining whether workplace harassment was
             severe or pervasive enough to be actionable
3            depends on the totality of the circumstances.
             Because the crucial inquiry focuses on the nature
4            of the workplace environment as a whole, a
             plaintiff who herself experiences discriminatory
5            harassment need not be the target of other
             instances of hostility in order for those
6            incidents to support her claim. Nor must offensive
             remarks or behavior be directed at individuals who
7            are members of the plaintiff's own protected
             class. Remarks targeting members of other
8            minorities, for example, may contribute to the
             overall hostility of the working environment for a
9            minority employee.

10   Id. (internal citations omitted).   Consequently, the court

11   concluded that summary judgment was inappropriate on Cruz's hostile

12   work environment claim.   Id. at 567.

13           Although Cruz is a Second Circuit case, the Court finds it to

14   be on point with the circumstances of the case at bar.   In

15   addition, the Ninth Circuit has stated that "if racial hostility

16   pervades a workplace, a plaintiff may establish a violation of

17   Title VII, even if such hostility was not directly targeted at the

18   plaintiff." McGinest v. GTE Service Corp., 360 F.3d 1103, 1117 (9th

19   Cir. 2004).   BHVT also cites case law in its motion, however, it

20   fails to cite any authority that is directly on target with this

21   matter.[2]   Thus, the Court finds the testimony and evidence

22

23          [2] BHVT cites cases that involve matters where the plaintiff
     asserted hostile environment claims based solely on offensive
24   comments directed at third parties and those of a different race than
     plaintiff.  See Mot. in Lim. (doc. 51) at 2-3, citing Kortan v. State
25   of California, 5 F. Supp. 2d 843, 850 (C.D. Cal. 1998); Bainbridge v.
     Loffredo Gardens, Inc., 378 F.3d 756 (8th Cir. 2004); Bermudez v. TRC
26   Holdings, Inc., 138 F.3d 1176, 1180 (7th Cir. 1998); Delon v.
     McLaurin Parking Co., 367 F. Supp. 2d 893, 901-902 (M.D.N.C. 2005).
27   BHVT has not argued that Plaintiffs, in this case, base their claims
     entirely on comments made to third parties.
28

1 regarding the alleged discrimination or harassment of persons of
2 races or national origins other than Plaintiffs' race and national
3 origin to be relevant to this matter.

4      BHVT also argues that such evidence and testimony should be
5 excluded because it will be unduly prejudicial, confusing, and will
6 mislead the jury.  Mot. in Lim (doc. 51) at 3.  BHVT maintains that
7 allowing such evidence to be admitted at trial will lead to
8 numerous mini-trials, leading to an unnecessarily lengthy trial and
9 a waste of judicial resources.  Id. at 3-4.

10      According to Plaintiffs' deposition testimony, the contested
11 comments were made by five former employees of BHVT: Phil Kerr,
12 Brett Strauss, Dan Gooteau, Mike Westbrook, and an individual named
13 "Herbie."  The Court notes that it does not know the titles of the
14 positions that Westbrook and Herbie held at BHVT, nor does it know
15 whether the title of "Desk Manager" rises to a level sufficient to
16 bind BHVT to comments made by an individual in such a position.  In
17 any event, the Court does not believe that BHVT has sufficiently
18 shown the contested evidence to be unduly prejudicial, confusing,
19 or misleading.  Accordingly, the Court shall deny BHVT's motion on
20 this issue.  Should the evidence establish that any of these BHVT
21 employees could not be in a position to bind defendant, the court
22 will reconsider this determination.

23      Second, BHVT moves to exclude evidence or testimony regarding
24 alleged comments or discussions related to or involving alleged
25 harassment that Plaintiffs did not personally hear or witness
26 during their employment with BHVT.  Mot. in Lim. (doc. 51) at 4.
27 Specifically, BHVT seeks to exclude evidence and testimony about
28 comments other former employees of BHVT heard while employed there.

1   Id.  BHVT asserts that such evidence would be irrelevant, hearsay,

2   and unduly prejudicial.  Id. at 4-5.  Thus, pursuant to Federal

3   Rules of Evidence 402, 403, 802 and 805, BHVT requests that

4   admission of such evidence be barred.  Id. at 5.

5        In response, Plaintiffs argue that the contested comments

6   should be admitted because they are probative of Plaintiffs'

7   hostile work environment claim and material to the issue of BHVT's

8   liability for punitive damages.  Resp. Mot. in Lim. (doc. 54) at 3-

9   5.  Plaintiffs assert that, at trial, they intend to call five

10  former employees of BHVT to testify that both supervisors and

11  employees at BHVT routinely engaged in discriminatory name-calling

12  at work.  Id. at 3.

13       The Court is not convinced that such evidence would be

14  irrelevant, hearsay, or unduly prejudicial.  Again, the Court does

15  not find the authority cited by BHVT in support of its argument to

16  be dispositive on this issue.  Specifically, BHVT relies on two

17  cases where the plaintiffs were unaware of certain incidents of

18  harassment directed towards others.  Mot. in Lim. (doc. 51) at 5,

19  citing Brooks v. City of San Mateo, 229 F.3d 917, 924 (9th Cir.

20  2000); Martinez v. Marin Sanitary Serv., 349 F.Supp.2d 1234, 1248

21  (N.D. Cal. 2004).  In the case at bar, it is unclear to the Court

22  whether Plaintiffs were actually unaware of the comments or merely

23  did not witness them.  Moreover, the Ninth Circuit has stated that

24  "if racial hostility pervades a workplace, a plaintiff may

25  establish a violation of Title VII, even if such hostility was not

26  directly targeted at the plaintiff." McGinest v. GTE Service Corp.,

27  360 F.3d 1103, 1117 (9th Cir. 2004).  The Court finds that BHVT has

28  failed to show that the contested evidence would be irrelevant,

1   hearsay, and unduly prejudicial.  Accordingly, the Court shall deny
2   BHVT's motion on this issue.

3   **II. BHVT's Motion to Exclude EEOC Letters of Determination**

4       BHVT seeks to exclude the EEOC determinations as untrustworthy
5   under Federal Rule of Evidence 803(8)(C) and as unduly prejudicial
6   under Federal Rule of Evidence 403.  Alternatively, BHVT asks for a
7   trustworthiness hearing to determine if the reports are admissible
8   under Federal Rule of Evidence 803(8)(C).[3]

9       Federal Rule of Evidence 803(8)(C) allows into evidence
10  investigative reports, including both factual findings and
11  conclusions, that are made pursuant to authority granted by law.
12  See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 154 (1988).  The
13  EEOC is empowered to investigate and report claims of employment
14  discrimination.  See 42 U.S.C. § 2000e et seq.  Thus, their reports
15  are admissible under Federal Rule of Evidence 803(8)(C) unless "the
16  sources of information or other circumstance indicate lack of
17  trustworthiness."

18      In the Ninth Circuit, the trial court must begin with a
19  presumption that the disputed report is trustworthy.  See Montiel
20  v. City of Los Angeles, 2 F.3d 335, 341 (9th Cir. 1993); Johnson v.
21  City of Pleasanton, 982 F.2d 350, 352 (9th Cir. 1992).  The party
22  opposing introduction of the evidence must present enough negative
23  factors to persuade the court that the report should not be
24  admitted.  Johnson, 982 F.2d at 352.  This is because the court
25  assumes that public officials perform their duties properly without

26  ――――――――――――――――

27      [3] In its motion, BHVT requests oral argument on this issue. Mot.
    to Exclude EEOC Letters (doc. 47). Finding oral argument unnecessary,
28  the Court shall deny this request.

1  motive or interest other than to submit accurate and fair reports.

2  Id. at 352-53.

3       In general, BHVT questions the trustworthiness of the EEOC

4  letters because "[t]hey were issued after years of dilatory and

5  unexcused agency delay during which multiple documented requests

6  for basic factual information by [BHVT] were ignored, and that

7  delay has resulted in a fundamental deprivation of [BHVT's] basic

8  notice and due process rights."  Mot. to Exclude EEOC Letters (doc.

9  47) at 1.  BHVT maintains that the EEOC letters are untrustworthy,

10 because the EEOC purposefully concealed material information

11 concerning Plaintiffs' allegations against BHVT, including the

12 identity of the managers who allegedly harassed Plaintiffs and the

13 alleged witnesses who provided affidavits on which the EEOC relied

14 in making its determination.  Id. at 14. "By the time the EEOC

15 finally disclosed the names of the managers who allegedly harassed

16 Plaintiffs, none of the individuals were employed by Bell Honda

17 and, consequently, Bell Honda's opportunity to investigate

18 Plaintiffs' allegations and later defend itself in this case was

19 materially prejudiced."  Id.  Moreover, BHVT asserts that the EEOC

20 letters are untrustworthy because, other than one interview with a

21 former General Manager, there is no evidence that any employees of

22 BHVT were ever interviewed.  Id. at 14-15.  BHVT also asserts that

23 the EEOC was biased against BHVT because it was involved in

24 litigation against multiple entities owned by the son of its owner

25 in a virtually identical lawsuit.  Id. at 15.  Finally, BHVT argues

26 that the EEOC letters are untrustworthy because they were not

27 timely issued, and contain hearsay-within-hearsay, along with other

28 evidentiary defects.  Mot. to Exclude EEOC Letters (doc. 47) at 16.

1   It notes that the EEOC letters were issued two and a half years

2   after Plaintiffs filed their charges of discrimination, and that

3   the EEOC letters contain statements about what Plaintiffs claim to

4   have told their managers.  Id.  BHVT asserts that each of these

5   arguments are noted as considerations in the advisory committee's

6   notes of Federal Rule of Evidence 803(8)(C).  Id. at 14-16.

7        In response, Plaintiffs oppose BHVT's motion, asserting that

8   the EEOC letters are trustworthy.  They assert that the EEOC

9   letters expressly note that five former employees of Bell Honda

10  provided the EEOC with sworn statements substantiating that

11  Plaintiffs, and other racial minorities, were subjected to an

12  egregious pattern of discriminatory abuse.  Resp. EEOC Letters

13  (doc. 52) at 3-4.  In addition, they note that the EEOC gave BHVT

14  an additional opportunity to present evidence to undermine

15  Plaintiffs' allegations.  Id. at 4. Lastly, Plaintiffs argue that

16  BHVT has provided no evidence that indicates that the EEOC was

17  biased towards Plaintiffs.  Id.

18       According to BHVT, the EEOC conducted at least one interview

19  with a former General Manager at Bell Honda.  Mot. to Exclude EEOC

20  Letters (doc. 47) at 14-15.  In addition, the contested documents

21  state that the EEOC provided BHVT with a second opportunity to

22  provide relevant evidence, and, in any event, there existed a

23  sufficient basis on which to issue the findings of cause.  Exbt. 17

24  (doc. 47) at 2, 4.

25           The Initial Letter of Determination was rescinded
             based on an understanding that Bell Honda had
26           additional highly relevant evidence that they did
             not have the opportunity to present.  We were not
27           successful in this regard and Respondents provided
             no important new evidence, and further, there was
28           a sufficient basis to issue the findings of cause.

1   <u>Id.</u>  Therefore, although the Court is troubled by the events of the

2   EEOC investigation that preceded the creation of the contested

3   documents, this court finds that the EEOC letters meet the level of

4   trustworthiness required by Federal Rule of Evidence 803(8)(C).  A

5   hearing on the issue is not warranted.

6        BHVT also seeks to exclude the EEOC letters under Federal Rule

7   of Evidence 403, finding its probative value substantially

8   outweighed by the danger of unfair prejudice.  Mot. to Exclude EEOC

9   Letters (doc. 47) at 17-19.  BHVT argues that the EEOC letters

10  contain references to retaliation claims that were dismissed by the

11  Court and misrepresent the facts surrounding BHVT's participation

12  in the investigation.  <u>Id.</u> at 17-18.  Additionally, BHVT asserts

13  that the letters should be excluded because BHVT was denied a

14  "meaningful opportunity" to challenge the allegations contained in

15  the letters.  <u>Id.</u> Lastly, BHVT argues that excluding the letters

16  will avoid requiring BHVT to litigate issues concerning the EEOC's

17  investigation.  <u>Id.</u> at 19.

18       In the Ninth Circuit, EEOC cause determinations have been

19  characterized as admissible per se in Title VII suits.  <u>Amantea-</u>

20  <u>Cabrera v. Potter</u>, 279 F.3d 746, 749 (9th Cir. 2002); <u>see also</u>

21  <u>Plummer v. Western Intern. Hotels Co., Inc.</u>, 656 F.2d 502, 505 (9th

22  Cir. 1981) ("An EEOC determination, prepared by professional

23  investigators on behalf of an impartial agency, has been held to be

24  a highly probative evaluation of an individual's discrimination

25  complaint.").  The Circuit has concluded that the probative nature

26  of an EEOC probable cause determination far outweighs any

27  prejudicial effect it may have on a jury.  <u>Gilchrist v. Jim Slemons</u>

28  <u>Imports, Inc.</u>, 803 F.2d 1488, 1500 (9th Cir. 1986).  In <u>Gilchrist</u>,

the Court distinguished an EEOC letter of violation, which
concludes that a violation of the Title VII has occurred, from an
EEOC probable cause determination, which determines only that there
is probable cause to conclude that a violation has occurred.  The
conclusive character of the former led the <u>Gilchrist</u> court to find
that EEOC letters of violation would not be per se admissible, but
would require a Fed. R. Evid. 403 balancing.  Here, the EEOC issued
determinations of probable cause and not a letter of violation.
Therefore, under Ninth Circuit law, the report is per se
admissible.

     In sum, the court finds that neither Federal Rule of Evidence
803(8)(C) nor Federal Rule of Evidence 403 should bar admission of
the EEOC letters. However, although the documents will not be
excluded, the Court will grant BHVT some leeway at trial in showing
why the determinations are untrustworthy.  If appropriate, the
court may issue a limiting instruction upon receipt of the
evidence.

     Therefore,

     IT IS ORDERED that BHVT's Motion in Limine (doc. 51) is
GRANTED in part and DENIED in part.  It is granted in relation to
the issues defined in BHVT's motion as: (3) the alleged evidence
and speculation regarding alcohol or illegal drug use by BHVT's
managers; (4) the alleged evidence of criminal convictions of
BHVT's managers that do not meet the standard of Federal Rule of
Evidence 609; (5) evidence of other lawsuits against BHVT,
companies owned by BHVT's owner, and companies owned by BHVT's
owner's son, and evidence of claims dismissed in the present
lawsuit; and (6) evidence concerning claims of retaliation for

1   which summary judgment has been granted.   However, it is denied in

2   regard to (1) the alleged discrimination or harassment by BHVT

3   against persons of other races and national origins; and (2) the

4   alleged racial or national origin comments that Plaintiffs did not

5   hear during their employment at Bell Honda.

6         IT IS FURTHER ORDERED the BHVT's Motion to Exclude EEOC

7   Letters of Determination (doc. 47) is DENIED in accordance with

8   this order.

9         DATED this 27th day of April, 2006.

10

11

12   _____

13         Robert C. Broomfield
            Senior United States District Judge

14   Copies to counsel of record

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -