Stephen G. Montoya (#011791)
**MONTOYA JIMENEZ, P.A.**
The Great American Tower
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012
(602) 256-6718
(fax) 256-6667
sgmlegal@aol.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kamran Madani and Abolfalz Vaghef, | No. CV 04-1897-PHX-RCB |
| plaintiffs, | |
| vs. | **Plaintiffs' Proposed Jury Instructions** |
| BHVT Motors, Inc., Automotive Investment Group-Arizona, Inc., and VT Inc., | |
| defendants. | |

Pursuant to this Court's Scheduling Order, Plaintiffs hereby submit the attached Proposed Jury Instructions.

Dated this 11th day of May 2006.

**MONTOYA JIMENEZ**
A Professional Association


s/ Stephen G. Montoya
Stephen G. Montoya
MONTOYA JIMENEZ P.A.
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012-2490
Attorney for Plaintiffs

1  I hereby certify that on May 11, 2006,
   I electronically transmitted the foregoing document
2  to the Clerk's Office using the CM/ECF System for filing
   and transmittal of a Notice of Electronic Filing
3  to the following CM/ECF registrants:

4  M. Brett Burns
   Stephanie K. Osteen
5  Akin Gump Strauss Hauer & Feld LLP
   1700 Pacific Avenue, Suite 4100
6  Dallas, Texas 75201
   Attorneys for Defendants
7

8
   I hereby certify that on May 12, 2006,
9  I served the foregoing document by hand-delivery to the following:

10 The Honorable Robert C. Broomfield
   United States District Court for the District of Arizona
11 Sandra Day O'Connor United States Courthouse
   401 West Washington Street
12 Phoenix, Arizona 85003

13

14    s/ Stephen G. Montoya

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RACE–DEFINITION

For purposes of these instructions, discrimination against Plaintiffs based on their status as Iranians constitutes discrimination based on "race."

## 12.2A   HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS

The plaintiff seeks damages against the defendant for a racially hostile work environment while employed by the defendant.  In order to establish a racially hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;

2.   the conduct was unwelcome;

3.   the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;

4.   the plaintiff perceived the working environment to be abusive or hostile; and

5.   a reasonable person in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

### Comment

The elements of this instruction are derived from *Fuller v. City of Oakland, California*, 47 F.3d 1522, 1527 (9th Cir.1995).  The language in the instruction regarding the factors used to determine whether a working environment was sufficiently hostile or abusive is derived from *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

This instruction should be given in conjunction with other appropriate instructions, including 12.2B (Hostile Work Environment Caused by Supervisor—Claim Based Upon Vicarious Liability—Tangible Employment Action—Affirmative Defense); 12.2C (Hostile Work Environment Caused by Non-Immediate Supervisor or by Co-Worker—Claim Based On Negligence; and, if necessary, 12.4B (Tangible Employment Action Defined).

"A plaintiff must show that the work environment was both subjectively and objectively hostile." *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1113 (9th Cir.2004); *see also Fuller*, 47 F.3d at 1527 (citing *Harris*, 510 U.S. at 21-22). For the objective element, the Ninth Circuit has adopted the "reasonable victim" standard. *Ellison v. Brady*, 924 F.2d 872, 878-80 (9th Cir.1991). Therefore, if the plaintiff/victim is a woman, element five of the instruction should state "reasonable woman," and if the plaintiff/victim is a man, "reasonable man." *Ellison*, 924 F.2d at 879, n.11.

*Approved 8/2004*

**12.2C   HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE**

The plaintiff seeks damages from the defendant for a hostile work environment caused by racial harassment.  The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to a racially hostile work environment by a non-immediate supervisor or co-worker; and

2. the defendant or a member of defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment.  A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate  to management complaints about work conditions.  You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends upon the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**Comment**

See Introductory Comment to this chapter.  See also Swinton v. Potomac Corporation, 270 F.3d 794, 803-05 (9th Cir.2001), cert. denied, 535 U.S. 1018 (2002). Use this instruction when the claim against the employer is based on negligence and involves harassment by another co-worker or a supervisor who is not plaintiff's direct (immediate or successively higher) supervisor.

Use this instruction in conjunction with Instruction 12.2A (Hostile Work Environment—Harassment Because of Protected Characteristics —Elements).

Under a negligence theory, an employer is liable if the employer (or its

"management") knew or should have known of the harassing conduct and failed to take reasonably prompt corrective action to end the harassment. *Swinton*, 270 F.3d at 803-04. There are two categories of employees who constitute "management" for purposes of a negligence claim. *Id.* at 804. The first category is a member of management who possesses substantial authority and discretion to make decisions over the plaintiff's or the harasser's employment, such as "authority to counsel, investigate, suspend or fire the accused harasser, or to change the conditions of the harassee's employment." *Id.* The second category of employees who qualify as management consists of any supervisor who lacks this authority but nonetheless "has an official or strong de facto duty to act as a conduit to management for complaints about work conditions." *Id.* at 805 (citations omitted).

It should be noted, however, that neither *Swinton* nor any of the cases relied upon by *Swinton* provide a definition of a supervisor or other employee with "an official or strong de facto duty to act as a conduit to management for complaints about work conditions." *See Swinton*, 270 F.3d at 804-805. To aid jury understanding, the Committee has modified the *Swinton* language of "de facto duty to act as a conduit to management . . . ." *Id.* at 805, to "duty in fact to communicate to management . . . ."

The two elements of this instruction are based upon *Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 955 (9th Cir.1999) and *Mockler v. Multnomah County*, 140 F.3d 808, 812 (9th Cir.1998). The text of the instruction addressing remedial action is based upon *Mockler*, 140 F.3d at 813 (citing *Ellison v. Brady*, 924 F.2d 872, 882 (9th Cir.1991)).

The burden is on the plaintiff to "show that the employer knew or should have known of the harassment, and took no effectual action to correct the situation." *Mockler*, 140 F.3d at 812 (citations omitted). "This showing can . . . be rebutted by the employer directly, or by pointing to prompt remedial action reasonably calculated to end the harassment." *Id.*

In determining whether an employer's response to the harassment is sufficient to absolve it from liability, "the fact that [the] harassment stops is only a test for measuring the efficacy of a remedy, not a way of excusing the obligation to remedy." *Fuller v. City of Oakland*, 47 F.3d 1522, 1528 (9th Cir.1995). "Once an employer knows or should know of harassment, a remedial obligation kicks in." *Id.* Therefore, "if 1) no remedy is undertaken, or 2) the remedy attempted is ineffectual, liability will attach." *Id.* at 1528–29.

For purposes of proving that the defendant "knew or reasonably should have known of the harassment," it is appropriate to impute this knowledge to a defendant employer if a management-level employee of the employer defendant knew or reasonably should have known that harassment was occurring. *Swinton*, 270 F.3d at 804.

*Approved 8/2004*

## 12.2B  HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION— AFFIRMATIVE DEFENSE

An employer may be liable when a supervisor with immediate or successively higher authority over the employee creates a racially hostile work environment for that employee.  The plaintiffs claim that they were subjected to a racially hostile work environment by several supervisors at Bell Honda, namely Brett Strauss, Michael Westbrook, Phil Kerr, and Greg Mortenson.

The defendant denies the plaintiffs' claim. The plaintiffs must prove their claim by a preponderance of the evidence.

In addition to denying the plaintiffs' claim, the defendant has asserted an affirmative defense.  Before you consider this affirmative defense, you must first decide whether plaintiff has proved by a preponderance of the evidence that they suffered a tangible employment action as a result of harassment by the supervisor.

If plaintiffs have proved that they suffered a tangible employment action as a result of harassment by the supervisor, you must not consider the affirmative defense.

If plaintiffs have not proved that they suffered a tangible employment action, then you must decide whether the defendant has proved by a preponderance of the evidence each of the following elements:

1.    the defendant exercised reasonable care to prevent and promptly correct the racially harassing behavior, and

2.    the plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

If the defendant proves these elements, the plaintiff is not entitled to prevail on this claim.

### Comment

See Introductory Comment to this chapter.  This instruction should be given in conjunction with Instruction 12.2A (Hostile Work Environment—Harassment Because of Protected Characteristics—Elements) and, if applicable, Instruction 12.4B (Tangible Employment Action Defined).

This instruction is based upon *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764-65 (1998), *Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998) and *Swinton v. Potomac Corporation*, 270 F.3d 794, 802 (9th Cir.2001), *cert. denied*, 535 U.S. 1018

(2002).

This instruction addresses harassment by a supervisor with immediate or successively higher authority over the plaintiff. Use the first two paragraphs if no *Ellerth/Faragher* affirmative defense is applicable. Use the entire instruction if an *Ellerth/Faragher* defense is to be considered by the jury.

When harassment is by the plaintiff's immediate or successively higher supervisor, an employer is vicariously liable, subject to a potential affirmative defense. *Faragher*, 524 U.S. at 780; *Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864, 875 (9th Cir. 2001). For vicarious liability to attach it is not sufficient that the harasser be employed in a supervisory capacity; he must have been the plaintiff's immediate or successively higher supervisor. *Swinton*, 270 F.3d at 805, citing *Faragher*, 514 U.S. at 806. An employee who contends that he or she submitted to a supervisor's threat to condition continued employment upon participation in unwanted sexual activity alleges a tangible employment action, which, if proved, deprives the employer of an *Ellerth/Faragher* defense. *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1173 (9th Cir.2003) (affirming summary judgment for the employer due to insufficient evidence of any such condition imposed by plantiff's supervisor). *See Pennsylvania State Police v. Suders*, 124 S. Ct. 2342, 2349 (2004) for discussion of tangible employment action.

The adequacy of an employer's anti-harassment policy may depend on the scope of its dissemination and the relationship between the person designated to receive employee complaints and the alleged harasser. *See, e.g., Faragher*, 524 U.S. at 808 (policy held ineffective where (1) the policy was not widely disseminated to all branches of the municipal employer and (2) the policy did not include any mechanism by which an employee could bypass the harassing supervisor when lodging a complaint).

"While proof that an employer had promulgated an anti-harassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense." *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807.

Although proof that the plaintiff failed to use reasonable care in avoiding harm is not limited to showing an unreasonable failure to use any complaint procedure provided by the defendant, a demonstration of such failure will normally suffice to satisfy this prong. *See Ellerth*, 524 U.S. at 765; *Faragher,* 524 U.S. at 807–08.

If the harasser is not plaintiff's immediate or successively higher supervisor, an employer's liability can only be based on negligence. The *Ellerth/Faragher* affirmative defense is not applicable if the claim is based on negligence. Use instruction 12.2C for a claim based on negligence.

*Approved 8/2004*

**JOINT PROPOSED JURY INSTRUCTION NUMBER \_\_\_**
(Nominal Damages)

The law which applies to this case authorizes an award of "nominal" damages.

If you find that the Defendant violated any of the Plaintiffs' civil rights, but you find that the Plaintiff has failed to prove compensatory damages as defined in these instructions, you must award him nominal damages.

Nominal damages may not exceed one dollar.

See Ninth Circuit Model Civil Instruction 7.6.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NUMBER __
(Compensatory Damages)

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any of the Plaintiffs on any of their claims, you must determine their damages. "Damages" means the amount of money which will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by City of Tempe.

You should consider the following when examining this issue:

The loss of enjoyment of life experienced, and the mental pain and emotional suffering experienced, and that which with reasonable probability will be experienced in the future. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial; and

The reasonable value of any lost wages and benefits.

The Plaintiffs have the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

See Instructions 7.1 and 7.2.  Federal Jury Practice and Instructions, Civil, Vol.3, Sections 104.05 and 104.06.

## 7.5 PUNITIVE DAMAGES

If you find for the plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiffs, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiffs have the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiffs' rights if, under the circumstances, it reflects complete indifference to the plaintiffs's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiffs' rights under federal law. An act or omission is oppressive if the person who [performs] [fails to perform] it injures or damages or otherwise violates the rights of the plaintiffs with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiffs.

## 12.4C   CONSTRUCTIVE DISCHARGE DEFINED

A constructive discharge occurs when the working conditions are so intolerable that a reasonable person in the plaintiff's position would feel compelled to resign.

### Comment

This instruction is based on *Pennsylvania State Police v. Suders*, 124 S. Ct. 2342, 2351 (2004).

*Approved 8/2004*