M. Brett Burns (admitted pro hac vice)
bburns@akingump.com
Stephanie K. Osteen (admitted pro hac vice)
sosteen@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

Tricia Schafer (018748)
tricia.schafer@mwmf.com
**MARISCAL, WEEKS, MCINTYRE, FRIEDLANDER, P.A.**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012
Telephone:  (602) 889-5341
Facsimile:  (602) 285-5100

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kamran Madani, and Abolfalz Vaghef,<br><br>         Plaintiffs,<br><br>         v.<br><br>BHVT Motors, Inc.,<br><br>         Defendant. | **No.  CV-04-1897-PHX-RCB**<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

## PROPOSED JURY INSTRUCTION NO. 1

### DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.1.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 2

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs claim that _____.

Defendant denies that Plaintiffs were subjected to a hostile work environment on the basis of their race or national origin.  The alleged harassment about which Plaintiffs complain does not rise to the level of actionable hostile work environment harassment. Further, Plaintiffs were aware of Defendant's policies against discrimination and harassment and its procedures to prevent and correct any such behavior.  To the extent Plaintiffs were subjected to any alleged discrimination or harassment, which Defendant denies, Plaintiffs unreasonably failed to take avail themselves to the opportunities afforded by Defendant to avoid, prevent, and correct the harm they alleged suffered. Plaintiffs never complained about alleged harassment and each voluntarily resigned his employment.  Plaintiffs cannot show that circumstances surrounding their resignation were so intolerable that a reasonable person in their situation would have felt no choice but to quit.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 3

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence;

(3) any facts to which the lawyers stipulate; and

(4) any facts that the Court has found undisputed and instructed you on.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.3.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 4

### WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.4.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 5

### EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 6

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.7.

## <u>PROPOSED JURY INSTRUCTION NO. 7</u>

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.8.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 8

### FAILURE TO CALL WITNESSES

You should make no inference about a party's decision or failure to call any witness who is equally available to either party.

**Authority:** *Kean v. Commissioner*, 469 F.2d 1183, 1187 (9th Cir. 1972); *Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244 (E.D. Cal. 1985).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## <u>PROPOSED JURY INSTRUCTION NO. 9</u>

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, while I am aware of no media coverage concerning this case, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.9.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>PROPOSED JURY INSTRUCTION NO. 10</u>

### NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 1.10.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION  NO. 11

### TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**Authority:** *Ninth Circuit Model Civil Jury Instructions* 1.11.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2

## PROPOSED JURY INSTRUCTION NO. 12

3

### OUTLINE OF TRIAL

4

The next phase of the trial will now begin. First, each side may make an opening

5
statement. An opening statement is not evidence. It is simply an outline to help you

6
understand what that party expects the evidence will show. A party is not required to

7
make an opening statement.

8
Plaintiffs will then present evidence, and counsel for Bell Honda may cross-

9
examine. Then Bell Honda may present evidence, and counsel for Plaintiffs may cross-

10
examine.

11
After the evidence has been presented, I will instruct you on the law that applies to

12
the case and the attorneys will make closing arguments.

13
After that, you will go to the jury room to deliberate on your verdict.

14

**Authority:** *Ninth Circuit Model Civil Jury Instructions* 1.12.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

13

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 13

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:** *Ninth Circuit Model Civil Jury Instructions* 1.13.

1

2

## PROPOSED JURY INSTRUCTION NO. 14

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 2.2.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 15

### CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 2.1.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 16

### STIPULATIONS OF FACT

The parties have agreed to the certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

1.      Defendant Bell Honda is a new and used car dealership located in Phoenix, Arizona.

2.      Plaintiff Kamran Madani was employed by Bell Honda as a New Car Assistant Sales Manager and Finance Producer for a total of seven months, from August 7, 2000 to March 1, 2001.

3.      Plaintiff Abolfalz Vaghef was employed at Bell Honda as a New Car Assistant Sales Manager for a total of seven weeks, from September 1, 2000 to October 15, 2000.

4.      Plaintiffs were never disciplined or suspended during their employment with Bell Honda.

5.      Neither Plaintiff was demoted during his employment with Bell Honda.

6.      Plaintiff Madani was promoted during his employment with Bell Honda.

7.      Neither Plaintiff ever used Defendant's 1-800 hotline to complain about harassment.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 2.4; Joint Pretrial Order, Docket Entry No. 50, pp. 4-5.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 17

### USE OF INTERROGATORIES OF A PARTY

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

**Authority:** *Ninth Circuit Model Civil Jury Instructions* 2.13.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 18

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 3.1

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1

2

## PROPOSED JURY INSTRUCTION NO. 19

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 4.1.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 20

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 4.3.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 21

### RETURN OF VERDICT

A verdict form has been prepared for you. The verdict form is comprised of a brief series of questions which you are to answer in reaching your verdict in this case. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 4.4.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
## PROPOSED JURY INSTRUCTION NO. 22
3
### CORPORATIONS — FAIR TREATMENT
4
   All parties are equal before the law.  A corporation is entitled to the same fair and
5
conscientious consideration by you as any party.
6
7
   **Authority:**  *Ninth Circuit Model Civil Jury Instructions* 6.1.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

## PROPOSED JURY INSTRUCTION NO. 23

### DISCRIMINATION/HARASSMENT UNDER SECTION 1981

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts.  "Make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**Authority:**  42 U.S.C. § 1981.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>PROPOSED JURY INSTRUCTION NO. 24</u>

### HOSTILE WORK ENVIROMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS--ELEMENTS

Plaintiffs seek damages against Defendant for a racially hostile work environment while employed by Defendant.  In order to establish a racially hostile work environment, a plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      Plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;

2.      the conduct was unwelcome;

3.      the conduct was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create a racially abusive or hostile work environment;

4.      the Plaintiff perceived the working environment to be abusive or hostile; and

5.      a reasonable man in the Plaintiff's circumstances would consider the working environment to be abusive or hostile.


**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 12.2A; *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1

## PROPOSED JURY INSTRUCTION NO. 25

### TOTALITY OF THE CIRCUMSTANCES

A "hostile or abusive working environment" is a workplace that is permeated with discriminatory intimidation, ridicule, and insult.  Whether an environment is hostile or abusive depends on the totality of the circumstances.  Factors to be considered are the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; whether it unreasonably interferes with an employee's work performance; and the social context in which the particular conduct occurs.

**Authority:**  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 26

### HOSTILE WORK ENVIROMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE

Plaintiffs seek damages from Defendant for a hostile work environment caused by racial harassment.  Plaintiffs have the burden of proving both of the following elements by a preponderance of the evidence:

1.      the plaintiff was subjected to a racially hostile work environment by a non-immediate supervisor or co-worker; and

2.      the defendant or a member of defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the accused harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends upon the remedy's effectiveness in stopping the individual harasser from continuing to engage in such

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that a plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1

2

## PROPOSED JURY INSTRUCTION NO. 27

## SAME ACTOR INFERENCE

3

4

The same actor inference permits an inference by you that the adverse

5

employment action was not based on a discriminatory motive where the same person

6

hires the complaining employee.

7

**Authority:**  *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED QUESTION NO. 1**

Answer the following question with a "yes" or "no."  Did Plaintiff Madani prove by a preponderance of the evidence that:

      (a)     Plaintiff Madani was subjected to unwelcome harassment by a supervisor in the workplace that was based on his race; <u>and</u>

      (b)     The harassment was sufficiently severe or pervasive that an objective, reasonable person would find the environment hostile and abusive; <u>and</u>

      (c)     The harassment at work was sufficiently severe or pervasive that Plaintiff Madani himself found his environment hostile and abusive; <u>and</u>

      (d)     The harassment detrimentally affected a term, condition, or privilege of Plaintiff Madani's employment; <u>and</u>

      (e)     The race-based harassment was so severe or pervasive that it amounted to a change in the conditions of Plaintiff Madani's employment and created an abusive working environment?

ANSWER:   _____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**PROPOSED QUESTION NO. 2**

Answer the following question with a "yes" or "no."  Did Plaintiff Madani prove by a preponderance of the evidence that:

(a)　　Plaintiff Madani was subjected to unwelcome harassment by a non-supervisory employee in the workplace that was based on his race; <u>and</u>

(b)　　The harassment was sufficiently severe or pervasive that an objective, reasonable person would find the environment hostile and abusive; <u>and</u>

(c)　　The harassment at work was sufficiently severe or pervasive that Plaintiff Madani himself found his environment hostile and abusive; <u>and</u>

(d)　　The harassment detrimentally affected a term, condition, or privilege of Plaintiff Madani's employment; <u>and</u>

(e)　　The race-based harassment was so severe or pervasive that it amounted to a change in the conditions of Plaintiff Madani's employment and created an abusive working environment; <u>and</u>

(f)　　Defendant knew or should have known of the harassment and failed to take remedial action.

ANSWER:　_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**PROPOSED QUESTION NO. 3**

Answer the following question with a "yes" or "no."  Did Plaintiff Vaghef prove by a preponderance of the evidence that:

(a)   Plaintiff Vaghef was subjected to unwelcome harassment by a supervisor in the workplace that was based on his race; <u>and</u>

(b)   The harassment was sufficiently severe or pervasive that an objective, reasonable person would find the environment hostile and abusive; and

(c)   The harassment at work was sufficiently severe or pervasive that Plaintiff Vaghef himself found his environment hostile and abusive; <u>and</u>

(d)   The harassment detrimentally affected a term, condition, or privilege of Plaintiff Vaghef's employment; <u>and</u>

(e)   The race-based harassment was so severe or pervasive that it amounted to a change in the conditions of Plaintiff Vaghef's employment and created an abusive working environment?

ANSWER:   _____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**PROPOSED QUESTION NO. 4**

Answer the following question with a "yes" or "no."  Did Plaintiff Vaghef prove by a preponderance of the evidence that:

(a)   Plaintiff Vaghef was subjected to unwelcome harassment by a non-supervisory employee in the workplace that was based on his race; <u>and</u>

(b)   The harassment was sufficiently severe or pervasive that an objective, reasonable person would find the environment hostile and abusive; <u>and</u>

(c)   The harassment at work was sufficiently severe or pervasive that Plaintiff Vaghef himself found his environment hostile and abusive; <u>and</u>

(d)   The harassment detrimentally affected a term, condition, or privilege of Plaintiff Vaghef's employment; <u>and</u>

(e)   The race-based harassment was so severe or pervasive that it amounted to a change in the conditions of Plaintiff Vaghef's employment and created an abusive working environment; <u>and</u>

(f)   Defendant knew or should have known of the harassment and failed to take remedial action.

ANSWER:   _____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 28

### COMPLETE AFFIRMATIVE DEFENSE

On any claim, if you find that each of the elements on which Plaintiffs have the burden of proof has been proved, your verdict should be for Plaintiffs on that claim, unless you also find that Defendant has proved an affirmative defense, in which event your verdict should be for Defendant on that claim.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 5.3.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 29

### HOSTILE WORK ENVIROMENT CAUSED BY SUPERVISOR— AFFIRMATIVE DEFENSE

An employer may be liable when a supervisor with immediate or successively higher authority over the employee creates a racially hostile work environment for that employee. Plaintiffs claim that they were subjected to a racially hostile work environment by Brett Strauss, Michael Westbrook, Phil Kerr, and Greg Mortensen, and that Brett Strauss, Michael Westbrook, Phil Kerr, and Greg Mortensen were their supervisors.

Defendant denies Plaintiffs' claims. Plaintiffs must prove their claims by a preponderance of the evidence.

In addition to denying Plaintiffs' claims, Defendant has asserted an affirmative defense that you must consider whether it has proved by the preponderance of the evidence. You must consider whether Defendant has proved each of the following elements:

1.     Defendant exercised reasonable care to prevent and correct promptly any racially harassing behavior, and

2.     Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or unnecessarily failed to otherwise avoid harm.

If Defendant proves this affirmative defense, Plaintiffs are not entitled to prevail on their claims.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 30

## VAGUE AND GENERAL COMMENTS—AFFIRMATIVE DEFENSE

Plaintiffs have a duty to promptly use Defendant's preventative and corrective measures in a specific and meaningful way such that Defendant has an opportunity to remedy the situation.  That duty is not satisfied by vague or general complaints about workplace conditions that do not specifically alert Defendant to racial workplace discrimination.

**Authority:**  *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Holly D. v. California Institute of Tech.*, 339 F.3d 1158, 1178-79 (9th Cir. 2003); *Swanson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1

2

## PROPOSED QUESTION NO. 5

3    Answer the following questions with a "yes" or "no."  Did Defendant prove by a
preponderance of the evidence that:

4

5    (a)    Defendant exercised reasonable care to prevent and correct promptly any
6           racially harassing behavior; <u>and</u>

7

8    (b)    Plaintiff Madani unreasonably failed to take advantage of preventative or
9           corrective opportunities provided by Defendant or unnecessarily failed to
           otherwise avoid harm?

10

11   ANSWER:    _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED QUESTION NO. 6

Answer the following questions with a "yes" or "no."  Did Defendant prove by a preponderance of the evidence that:

    (a)    Defendant exercised reasonable care to prevent and correct promptly any racially harassing behavior; <u>and</u>

    (b)    Plaintiff Vaghef unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or unnecessarily failed to otherwise avoid harm?

ANSWER:  _____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 31

### DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages, if any. By instructing you on damages, the Court does not mean to suggest that your verdict should be rendered one way or the other.  I am giving you these instructions for your guidance in the event that you find in favor of Plaintiffs on their claims against Defendant.  The fact that I give you these instructions does not in any way mean that I think you should award damages; that is entirely for you to decide.

If you find for either Plaintiff on his claims, you must determine his respective damages, if any.  Each Plaintiff has the burden of proving his damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.  Damages means the amount of money which will reasonably and fairly compensate a plaintiff for an injury you find was caused by a defendant.  The damages you award must be fair compensation, no more and no less.  Any award you make should be fair in light of the evidence produced at trial.  In determining the amount of damages, you should be guided by discompassionate common sense.  Your award must not be based on speculation, guesswork, or conjecture.

You will receive further instruction on the proper measure of damages in these instructions.

**Authority:**  *Ninth Circuit Model Civil Jury Instructions* 7.1.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 32

### DAMAGES – CAUSATION

Each Plaintiff has the burden of proving that any harassment you find that Defendant committed against that Plaintiff caused the damages that Plaintiff can proved to have suffered.

**Authority:**  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Chicago, M. & St. P. Ry. Co. v. Clement*, 226 F. 426, 428 (9th Cir. 1915).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 33

### COMPENSATORY DAMAGES – LOST WAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a Plaintiff, you must determine his damages.  Each Plaintiff has the burden of proving his damages by a preponderance of the evidence.  "Damages" means the amount of money which will reasonably and fairly compensate a Plaintiff for any injury you find was caused by Defendant.

You should consider the following when examining the issue:

The loss of enjoyment of life experienced, and the mental pain and emotional suffering experienced, and that which with reasonable probability will be experienced in the future.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damages.  Any award you make should be fair in light of the evidence presented at trial.

The reasonable value of any lost wages and benefits.

Plaintiffs have the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and upon speculation, guesswork or conjecture.

**Authority:**  *Manual of Model Civil Jury Instructions for the Ninth Circuit* 5.02A (2001 Edition).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1

2

### PROPOSED JURY INSTRUCTION NO. 34

3

### NOMINAL DAMAGES

4

The law which applies to this case authorizes an award of "nominal" damages.

5

6

If you find for a Plaintiff, but you find that the Plaintiff has failed to prove

7

damages as defined in these instructions, you must award nominal damages.

8

Nominal damages may not exceed one dollar.

9

10

**Authority:** *Ninth Circuit Model Civil Jury Instructions* 7.6.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## <u>PROPOSED JURY QUESTION NO. 7</u>

Please state below the amount of each compensatory award to which Plaintiff Madani is entitled, if any.  If you find Plaintiff Madani is entitled to no damages, please enter "$0" below.

Lost wages and benefits damages       $_____

Mental anguish       $_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## <u>PROPOSED JURY QUESTION NO. 8</u>

Please state below the amount of each compensatory award to which Plaintiff Vaghef is entitled, if any.  If you find Plaintiff Vaghef is entitled to no damages, please enter "$0" below.

Lost wages and benefits damages          $_____

Mental anguish                           $_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 35

### PUNITIVE DAMAGES

If you find for Plaintiffs, you may, but are not required to, award punitive damages. To establish entitlement to punitive damages, Plaintiffs must prove, by a preponderance of evidence, that Defendant acted with malice or reckless indifference to Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.   In making this determination, you should be aware that a finding by you that the Defendant is liable for unlawful harassment does not automatically mean that Defendant is liable for punitive damages.

The law provides that punitive damages may only be assessed against an employer when the unlawful conduct was committed by an important or high-ranking managerial employee and the employer failed to make good faith efforts to comply with the law.  An employee employed in a managerial capacity does not include every supervisory employee. Rather, to be employed in a managerial capacity, the employee must be an important member of Defendant's management.  The mere fact that an employee is given the title such as "manager" or "director" does not automatically mean that the employee is employed in a managerial capacity.  Rather, an employee who acts in a managerial capacity for purposes of punitive damages is one who has the power to make independent decisions regarding personnel matters, who has the authority to determine company policy, or who has the authority to approve personnel actions.

In determining whether Defendant has engaged in good faith efforts to comply with the law, you should consider any relevant factor demonstrating Defendant's efforts, or lack thereof, to comply with the law against harassment, including such factors as whether Defendant has instituted policies and procedures prohibiting harassment, and whether Defendant has trained its managerial personnel with respect to ensure equal treatment of minorities.

**Authority:**  *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999)

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 36

### PURPOSE OF AND LIMITS ON PUNITIVE DAMAGES

The purpose of a punitive damage award is not to compensate Plaintiffs but to punish Defendant or deter Defendant and others from similar conduct in the future. Factors you may consider include, but are not limited to:

1. the nature of Defendant's conduct (how reprehensible or blameworthy was it),

2. the impact of that conduct on Plaintiffs,

3. the ratio between any compensatory damages awarded and punitive damages,

4. the relationship between Plaintiffs and Defendant,

5. the likelihood that Defendant or others would repeat the conduct if the punitive award is not made, and

6. any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bear on the award.

You may determine reprehensibility by considering whether the harm was physical as opposed to economic; whether the conduct showed indifference to or disregard for the health or safety of others; whether the target of the conduct has financial vulnerability; whether the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice, trickery, deceit, or mere accident. Punitive damages, if any, should bear a reasonable relationship to actual damages, if any, that you have awarded. Punitive damages should not reflect bias, prejudice, or sympathy toward any party.

**Authority:** *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); Todd J. McNamara and J. Alfred Southerland, *Federal Employment Jury Instructions*, §§ 3:510, 3:641.

1

2

## **PROPOSED JURY QUESTION NO. 9**

3

        Please state below, or place $0, the amount of punitive damages assessed against

4

Defendant:

5

        Punitive damages          $_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Respectfully submitted,


 /s/ Stephanie K. Osteen
Laura M. Franze (admitted pro hac vice)
M. Brett Burns (admitted pro hac vice)
Stephanie K. Osteen (admitted pro hac vice)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Fax: (214) 969-4343


Tricia Schafer (018748)
**MARISCAL, WEEKS, MCINTYRE,
FRIEDLANDER, P.A.**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012
Telephone:  (602) 889-5341
Facsimile:  (602) 285-5100


    I hereby certify that on this 11th day of May, 2006, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

        Stephen G. Montoya
        3200 North Central Avenue, Suite 2550
        Phoenix, Arizona 85012
        Attorney for Plaintiff

    COPY mailed/delivered to:

        Honorable Robert C. Broomfield
        United States District Court
        Sandra Day O'Connor U.S. Courthouse, Suite 626
        401 West Washington Street, SPC 61
        Phoenix, Arizona  85003-2158

By:  /s/ Stephanie K. Osteen

#5906407

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**